IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REESE L. SMITH. JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:09-0205 |
| | ) JUDGE ECHOLS/KNOWLES |
| | ) |
| CITY OF NASHVILLE, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On November 18, 2009, the undersigned entered an Order requiring Plaintiff to file a written statement showing good cause for his failure to serve a number of Defendants in this action within 120 days after the filing of the Complaint, as required by Fed. R. Civ. P. 4(m). Docket No. 57. That Order noted that, when Plaintiff filed his Complaint in this action, summonses were issued for only four of the ten [*sic*] Defendants, and that Plaintiff's claims against those four Defendants had been dismissed.[1] *Id.* Docket No. 55.

On December 7, 2009, Plaintiff filed a "Response to Order." Docket No. 60. In that Response, Plaintiff states that he "notified the head of the District Attorney General Office, D.A. Victor Johnson, III, and D.A. Thomas Thurman." Plaintiff states that he "felt he did not need to give a Complaint or Summons to each individual because they all worked for the District

---

[1] While the previous Order stated that summonses were issued for only four of the *ten* Defendants, Plaintiff sued only *nine* Defendants in his Complaint and Amended Complaint: the "City of Nashville," the Nashville District Attorney General's Office, Tammy Meade, Matthew Stephens, Deborah Housel, Amy Eisenbeck, Eugenia Grayer, Issac Conner, and Mark Kovach. The four Defendants who were served with process and who have been dismissed are the Nashville District Attorney General's Office, Eugenia Grayer, Issac Conner, and Mark Kovach.

Attorney General Office." Plaintiff also refers to the following Rules of Civil Procedure, which he states support his actions: (1) "F.R.C.P. (1)(A)(C) [*sic*] and (2)(A)(B) [*sic*]" and (2) "F.R.C.P.(J)(2) [*sic*]." There are no such Rules, and Plaintiff apparently intends to cite to Fed. R. Civ. P. 4, which governs summonses and service thereof. Plaintiff also states, "Nowhere in the F.R.C.P. does it say that if a person is suing a state or corporation that each individual should be served separate complaints." Docket No. 60.

Plaintiff's reading of the Rules is simply incorrect. In his Complaint, Plaintiff named as Defendants the following four individuals: Tammy Meade, Matthew Stephens, Deborah Housel, and Amy Eisenbeck. Docket No. 1. Service upon these individuals is governed by Fed. R. Civ. P. 4(e), which generally provides that an individual within a judicial district of the United States must be served by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state, or (2) doing any of the following – (A) delivering a copy of the summons and complaint to the individual personally, (B) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode, or (C) delivering a copy of the summons and complaint to an authorized agent.

It is abundantly clear that Plaintiff did not properly serve these four Defendants, because summonses were never even issued to the referenced Defendants, much less were they served.

Plaintiff also named as a Defendant the "City of Nashville." Docket No. 1. Service upon a local government is governed by Fed. R. Civ. P. 4(j)(2), which requires either delivering a copy of the summons and complaint to the "Chief Executive Officer," or serving a copy of the summons and complaint in the manner prescribed by state law for serving a summons or like process on such a Defendant. Once again, Plaintiff failed to comply with the appropriate Rule,

2

because process was never even issued to the "City of Nashville," much less was it served.

For the foregoing reasons, Plaintiff has failed to comply with the Court's previous Order and Fed. R. Civ. P. 4(m), as he has not shown good cause for his failure to serve the referenced Defendants within the time allowed.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED WITHOUT PREJUDICE against Defendants Tammy Meade, Matthew Stephens, Deborah Housel, Amy Eisenbeck, and the "City of Nashville."[2]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                      _____
                                                                      E. Clifton Knowles
                                                                       United States Magistrate Judge

---

[2] As discussed above, Judge Echols has previously entered an Order dismissing Plaintiff's claims against four Defendants. The dismissal recommended in the instant Report and Recommendation covers all the remaining Defendants.